G7S5mejS                        sentence

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

CARLOS MEJIA,

                Plaintiff,              New York, N.Y.

            v.                          16 CIV. 1539 (PGG)(AJP)

TRIBECA BAKED FOODS CORP., et
al.,

                Defendants.
------------------------------x
                                        July 28, 2016
                                        12:05 p.m.
Before:

                    HON. ANDREW J. PECK,

                                        Magistrate Judge


                        APPEARANCES


LAW OFFICE OF FINN W. DUSENBERY
     Attorneys for Plaintiff
BY:  FINN W. DUSENBERY

KAUFMAN, DOLOWICH & VOLUCK, LLP
     Attorneys for Defendants
BY:  JEFFERY A. MEYER
```

1              (Case called)

2              THE COURT:  We are on the record in the case of Carlos

3     Mejia against Tribeca Foods corp, et al., 16 civil 1539, to

4     record the settlement agreement that the parties have just

5     reached with the Court's assistance.

6              I will state the terms as I understand them.  I ask

7     counsel and clients to pay careful attention, stop me with the

8     universal time out signal if we need to clarify anything, and

9     at the end I will be asking counsel and clients to confirm that

10    that is the settlement that they have reached.  And then, after

11    that, I will ask for statements to go into the *Cheeks* approval

12    process.

13             The parties have amicably agreed to resolve this case

14    without any admission of fault or liability by defendants on

15    the following terms:

16             Defendants will pay the sum of $15,000 in complete

17    satisfaction of this case.  The payments will be made in four

18    installments.  The first payment of $6,000 will be made by

19    August 15th.  Thereafter, there will be three monthly payments

20    of $3,000 each on September 15, October 15, and November 15.

21    If any of those dates turn out to be a weekend or a holiday,

22    then the payment is due the next business day.

23             Out of the money, one third plus $5,000 -- let's just

24    do the math on that, $5,000 plus $500 -- $5,500 will be payable

25    to Mr. Dusenbery's law firm for his attorneys fees and cost.  A

1    1099 will be issued to his firm for that purpose.  He will
2    supply defense counsel with the Tax Identification Number for
3    that.
4             As to the balance of $9,500 payable to Mr. Mejia,
5    since it is wages, it is to be paid on a W-2 basis which means
6    that deductions will be made both for tax withholding but also
7    both on the employer and employee side for FICA, Social
8    Security, and everything else that is required in connection
9    with wages.
10            Off the record.
11            (Discussion off record)
12            THE COURT:  Back on the record.
13            Mr. Dusenbery has said that he will only seek $400 in
14   costs so it is $5,400 to him and $9,600 to Mr. Mejia.  The
15   payments for Mr. Mejia will be by check, in his name, but the
16   checks will be delivered to Mr. Dusenbery's firm so that
17   Mr. Dusenbery can make sure that payments have been received.
18            In the event any payment is not received by the due
19   date, Mr. Dusenbery will give Mr. Meyer notice and a five
20   calendar-day opportunity to cure and if not cured, then the
21   entire outstanding balance will then be due and, if not paid
22   again after that notice and five-day cure period, then
23   Mr. Dusenbery, on behalf of his client, can seek entry of
24   judgment for the amount.  But, from everything I have heard
25   from Mr. Meyer and his client, there aren't going to be any

1  problems with the payments.
2      The parties have agreed to entry of an order of
3  dismissal by me pursuant to 28 U.S. Code Section 636(c) and
4  that that consent purpose will also apply to the *Cheeks*
5  approval process.  The Court will enter the dismissal order
6  today.
7      Anything else that we should be talking about in
8  connection with the settlement?
9      MR. MEYER:  I think it goes without saying, your
10 Honor, given the *Cheeks* approval process, but this settlement
11 does include a release of all FLSA and New York Labor Law
12 claims and any wage-related claim that arises from this
13 lawsuit.
14      THE COURT:  All right.  Very good.
15      I think the dismissal of it would achieve that but
16 belt and suspenders can't hurt.
17      MR. MEYER:  Understood.
18      MR. DUSENBERY:  That's acceptable, your Honor.
19      THE COURT:  Good.
20      All right, Mr. Dusenbery, as counsel for Mr. Mejia and
21 subject to his consent that I will ask for next, do you agree
22 to the terms of the settlement?
23      MR. DUSENBERY:  I do, your Honor.  And Mr. Mejia
24 agrees.
25      THE COURT:  Mr. Mejia, let me just hear of your own

1    voice; do you agree to the terms of the settlement?
2             PLAINTIFF:  I agree.
3             THE COURT:  Very good.
4             Mr. Meyer, as counsel of record for the defendants and
5    subject to your client's consent that I will ask for next, do
6    you agree to the terms of the settlement?
7             MR. MEYER:  I agree, your Honor.
8             THE COURT:  And Mr. Panayiotou -- and I am sorry if I
9    am mispronouncing it --
10            THE DEFENDANT:  Yes, your Honor.
11            THE COURT:  As an individual defendant and officer of
12   the corporate defendant, do you agree to the terms of the
13   settlement?
14            THE DEFENDANT:  I agree.
15            THE COURT:  All parties having agreed, you have a
16   binding settlement.
17            The Second Circuit under *Cheeks vs. Freeport Pancake
18   House* requires judicial approval.  Mr. Dusenbery, why don't you
19   make the first statement in connection as to why you believe
20   that the settlement is fair and reasonable to Mr. Mejia.
21            MR. DUSENBERY:  Thank you, your Honor.
22            I believe the settlement is fair and reasonable to
23   Mr. Mejia because it allows him to recover almost all of his,
24   what I would call hard damages which would be wages owed for
25   minimum wage overtime and spread of hours violations.  And

1    given that there is a risk in this case that Mr. Mejia's

2    testimony would not be credited by a jury, he might not recover

3    anything at all, especially since this is an off-the-clock

4    case.

5            So, for those reasons, I believe the settlement is

6    fair and reasonable.

7            THE COURT:  Mr. Meyer, anything you would like to add?

8            MR. MEYER:  I would just say that given the bona fide

9    dispute that the parties have regarding the hours worked, the

10   dates of employment, the pay structure, and the inherent risks

11   of litigation as well as the documents and the burden shifting

12   that does occur in these wage cases that defendants have

13   produced, we believe the settlement to be fair and reasonable

14   for all parties and I would just ask that your Honor approve

15   the settlement.

16           THE COURT:  All right.

17           Based on the statements from both counsel, the fact

18   that this was clearly an arm's length settlement effort by the

19   parties supervised by the Court and particularly because, based

20   on the calculation made by Mr. Dusenbery, even if everything

21   turned out the way the plaintiff claims with respect to the

22   number of hours worked per week and the pay structure,

23   plaintiff's calculation would be overtime and minimum wage

24   unpaid in the amount of $11,000 and change.  He is getting,

25   after attorney' fees, $10,600 which is probably 95 or 99

G7S5mejS                              sentence

1    percent of that.  There may be an additional amount owed for
2    spread of hours, although the Court suspects that that minimal
3    amount is even more minimal because it was based on a spread of
4    five hour-shifts per week which seems excessive with 48 hours
5    worked.  It is probably more like three or four such shifts.
6    In any event, it is certainly close enough and as the parties
7    said, there are legitimate arguments as to whether the tip
8    credit is applicable since Mr. Mejia was a tipped employee and
9    whether he indeed worked as many hours as he claimed.
10             For all of these reasons and the reasons stated by
11   counsel, the Court is prepared to and does approve the
12   settlement under *Cheeks* and therefore it is now a binding
13   agreement.  I will enter the dismissal order later and counsel
14   will be getting a copy of that on the ECF system.
15             I direct the two sides to purchase the transcript.
16   That gets you a 50/50 split of the cost of the transcript and I
17   direct that you do so so that the transcript is of record, as
18   *Cheeks* and other Second Circuit cases require not only judicial
19   approval but a public nature of the settlement terms.  And I
20   instruct the court reporter's office to inform the Court if the
21   parties have not purchased the transcript.
22             With that, good luck to both sides.  Thank you,
23   counsel, for your excellent work here.
24             We are adjourned.
25                             o0o